UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KURT CHRIST and JOANNE FIOLA,

    Plaintiffs,

v.

SANTANDER BANK N.A. and
BRETT KILMER,

    Defendants.

CIVIL ACTION NO.: 17-CV-11828-PBS

## FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs, Kurt Christ and Joanne Fiola, by and through their attorneys, Morrison Mahoney LLP, and hereby file their First Amended Complaint[1] in this action against the Defendants, Santander Bank N.A. and Brett Kilmer, stating in support thereof:

### INTRODUCTION

This is a Complaint for misrepresentation and the violation of Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A, arising from misrepresentations that the Defendants made that a single authorized signer could not withdraw funds from a joint account opened at the Defendants' bank. Such misrepresentations induced the Plaintiffs to open a joint account at the Defendants' bank and money was taken from such account by a single authorized signer without the Plaintiffs' knowledge or approval and contrary to previous representations.

### PARTIES

1. The Plaintiff, Kurt Christ ("Christ"), is an individual who resides at 149 French Road, Dalton, New Hampshire, 03598.

2. The Plaintiff, Joanne Fiola ("Fiola"), is an individual who resides at 149 French Road, Dalton, New Hampshire, 03598. At all times relevant to the allegations within this Complaint, Christ and Fiola were married.

---

[1] Fed. R. Civ. P. 15(a)(1)(B) empowers the Plaintiffs to amend their Complaint as a matter of course within 21 days after service of a motion under Rule 12(b), as there has been no earlier responsive pleading filed. The Advisory Committee Notes to the 2009 amendment instituting this rule noted that allowing such responsive amendments has the benefit of "avoid[ing] the need to decide the [Rule 12(b)] motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings."

3. The Defendant, Santander Bank, N.A. f/k/a Sovereign Bank, N.A. ("Santander"), is a national bank with its principal place of business at 824 North Market Street, Suite 100, Wilmington, Delaware 19801 and a corporate headquarters located in Boston, Massachusetts.

4. The Defendant, Brett Kilmer ("Kilmer"), is an individual who resides at 84 Lilac Avenue, Somerset, Massachusetts, 02726, and at all times relevant to the allegations in this Complaint was a branch manager employed by Santander.

## JURISDICTION AND VENUE

5. This Action was initially filed in Massachusetts Superior Court, and was removed by the Defendants on September 22, 2017 based on diversity jurisdiction pursuant to 28 U.S.C. §1332. There is complete diversity because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Defendants have extensive and ongoing contacts with the Commonwealth as alleged herein.

6. Venue is proper in this District under 28 U.S.C. § 1391 since this is the judicial district where a substantial part of the events and omissions giving rise to the claim occurred and both Defendants reside, for venue purposes, within the District.

## FACTUAL BACKGROUND

7. Santander owns and operates retail banks with locations throughout Massachusetts, including at 63 S. Main St, Assonet, Massachusetts 02702.

8. The Plaintiffs were two of three partners in TLT Development, LLC ("TLT") along with Tim Bowder ("Bowder"). TLT was formed to buy and sell real estate. On or about July 2014, Christ, Fiola, Bowder, and Kilmer met at a Friendly's restaurant to discuss opening accounts in TLT's name for TLT's business purposes.

9. Kilmer attended the meeting in his capacity as manager of Santander's Assonet, Massachusetts branch, and for the explicit purpose of soliciting the Plaintiffs' business.

10. At that meeting, Christ, Fiola, and Bowder asked Kilmer if it was possible to set up a joint account for TLT Development such that money deposited into that account could only be withdrawn with Christ's knowledge and consent, as he was the silent partner who would not be involved in the daily operations of the business.

11. Kilmer affirmed that he could structure the Plaintiffs' accounts to meet their objectives of making Christ and Fiola's capital available for the business' use only with Christ's knowledge and consent by employing a dual signature restriction on the account. Kilmer affirmed a dual signature restriction would be in place if the plaintiffs opened an account through the Assonet, Massachusetts Santander branch.

12. At that meeting, Christ told Kilmer that it was essential to him that money from such prospective account be protected with a dual signature restriction, such that money could only be withdrawn through a request bearing the signatures of at least two authorized signers.

2

13. On or about July 18, 2014, directly and reasonably relying on Kilmer's representation, made in his capacity as manager of the bank through which the Plaintiffs intended to do business, that a single signer could not access funds within the prospective account, the Plaintiffs opened a Business Money Market Savings account in TLT's name ending in 0741 ("the Account") by completing an On-Site Business New Account Opening Application ("the Application"). Christ and Fiola listed their address as 149 French Road, Whitefield (Dalton), New Hampshire on the Application.

14. At no time, however, did Plaintiffs Christ and Fiola ever sign the document entitled "Universal Resolution." Signatures purporting to belong to Christ and Fiola on the Universal Resolution are not similar to those appearing on the On-Site Business New Account Opening Application and are forged. Moreover, at no time during the course of opening their accounts with Santander did Plaintiffs Christ and Fiola ever see the Universal Resolution.

15. The Defendants never warned the Plaintiffs that dual signature protection would not apply to electronic transfers initiated by Bowder from the supposedly "protected" Account to Bowder's account, which had no such protection.

16. The purportedly "protected" Account was funded with an initial deposit of $327,383.45 transferred from Christ's personal account funds.

17. The Account was not adequately protected with the promised dual signature restriction.

18. Santander began permitting Bowder to access funds in the account without the Plaintiffs' knowledge or consent on or about August 4, 2014. Bowder's unauthorized withdrawals over a period of time, and monthly bank fees charged after Bowder's withdrawals reduced the Account's balance, resulting in the total depletion of the Account. Upon information and belief, Bowder has spent all withdrawn funds and is unable to make restitution.

19. These withdrawals were not apparent to the Plaintiffs because account statements were sent solely to Bowder's address at 12 Clark Mill Street, Coventry, Rhode Island. The Plaintiffs never received statements. Moreover, since the Account was not in active use by the Plaintiffs, and having been assured of its protected status, the Plaintiffs had no reason to suspect that statements would show any transactions whatsoever.

20. In December 2015 Christ contacted Kilmer at the bank to report the disputed transactions to him pursuant to M.G.L. c. 106 §4A et seq. Christ and Kilmer had a conversation about the losses and Kilmer informed Christ that most of the losses came from electronic funds transfers which Kilmer said, for the first time, were not subject to dual signature protection

21. On June 28, 2016, Christ met with Scott Baran, at that time Santander's Senior District Executive for Fall River-New Bedford, at the Westport, Massachusetts branch to further report the disputed transactions to him pursuant to M.G.L. c. 106 §4A et seq.

22. On October 20, 2016, predecessor counsel for the plaintiffs sent a notice letter regarding the events described within this Complaint to Mr. Michael Clarey, Santander's Head of Consumer Banking.

1236592v.2

## COUNT I- NEGLIGENT MISREPRESENTATION

23. Plaintiffs incorporate by reference the alleged facts in all preceding paragraphs.

24. Kilmer falsely represented that a single authorized signer could not withdraw funds from a joint Account, such as the one that the Plaintiffs sought to open in July 2014 in furtherance of TLT's business.

25. The Defendants knew or should have known that Kilmer's representation that a single authorized signer could not withdraw funds from the Account was false.

26. The making of such representation, especially where the Defendants knew that a dual signature restriction was material to the Plaintiffs' decision to do business with them, was negligent.

27. The Plaintiffs reasonably and justifiably relied on Kilmer's false representation and negligent omissions when they decided to do business with the Defendants.

28. The Plaintiffs were thus proximately damaged in an amount to be determined at trial, are entitled to the benefit of the bargain they believed they were receiving, and reimbursement of the funds lost through the withdrawal of a single signer. In addition, Defendants should disgorge all fees charged to the Plaintiffs' Account.

## COUNT II- VIOLATION OF G.L. c. 93A

29. Plaintiffs incorporate by reference the alleged facts in all preceding paragraphs.

30. At all relevant times hereto Defendants were engaged in the conduct of trade or commerce through operating a commercial bank.

31. At all relevant times hereto Plaintiffs Christ and Fiola were engaged in the conduct of trade or commerce through TLT.

32. By making the misrepresentations described within this Complaint, Defendants engaged in unfair and deceptive acts proscribed by G.L. c. 93A, §2.

33. To wit, it was unfair and deceptive for Defendants to induce the Plaintiffs to open an Account at their bank by representing that the Plaintiffs' money would be protected by a dual signature restriction when in fact the Account did not enjoy such protection.

34. Defendants' actions were willful and knowing violations of G.L. c. 93A.

35. Defendants' unfair or deceptive acts caused the Plaintiffs damage as previously alleged within this Complaint, for which the Plaintiffs are entitled to recover treble damages and attorneys' fees and costs.

## COUNT III- VIOLATION OF G.L. c. 106 § 4A-204

36. Plaintiffs incorporate by reference the alleged facts in all preceding paragraphs.

37. Pursuant to 106 § 4A-204, a bank is obligated to reimburse a customer for funds transferred pursuant to a payment order that is not authorized and not effective as an order of the customer under 106 § 4A-202.

38. The electronic transfer requests submitted by Bowder were not authorized and not effective as an order of Plaintiffs pursuant to 106 § 4A-202.

39. Santander has refused to reimburse the Plaintiffs for the unauthorized transfers as required by 106 § 4A-204.

40. Santander is liable to the plaintiffs for all losses sustained as a result of the unauthorized transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

    A.    Enter judgment against Defendants on all counts;

    B.    Order that the Defendants pay Plaintiffs all compensatory damages arising from the asserted claims;

    C.    Double or treble all damages as Defendants' actions in violation of G.L. c. 93A were willful and knowing;

    D.    Order that Defendants pay Plaintiffs all reasonable attorneys' fees and costs to litigate this action; and

    E.    Grant such other relief as the Court deems appropriate.

**PLAINTIFFS REQUEST A TRIAL BY JURY FOR ALL CLAIMS**

1236592v.2

Case 1:17-cv-11828-PBS   Document 8   Filed 10/19/17   Page 6 of 6

Respectfully submitted,

KURT CHRIST and JOANNE FIOLA

By Their Attorneys,

*/s/ Christopher C. Storm*

Edwin F. Landers, Jr., BBO #559360
elanders@morrisonmahoney.com
Christopher C. Storm, BBO #680782
cstorm@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:       617-342-4967

Dated:        October 19, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2017.

 s/s *Christopher C. Storm*

6

1236592v.2