UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KURT CHRIST and JOANNE FIOLA,
    Plaintiffs,

v.                                        CIVIL ACTION NO.: 17-CV-11828-PBS

SANTANDER BANK N.A. and
BRETT KILMER,
    Defendants.

## PLAINTIFFS' MOTION FOR SANCTIONS

NOW COME the Plaintiffs Kurt Christ and Joann Fiola and respectfully move this Court for sanctions against the Defendants Santander Bank N.A. ("Santander") and Santander's former Assonet, Massachusetts branch manager Brett Kilmer ("Kilmer") pursuant to Federal Rule of Civil Procedure 11(c).

As grounds for the foregoing, the Plaintiffs state that the Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 16) on November 14, 2017 which merely restates the same arguments advanced in Defendants' Motion to Dismiss the Plaintiffs Complaint (Dkt. 6), filed on October 5, 2017, which was discussed in Court at the October 25, 2017 status conference and denied from the bench. Dkt 14. Judge Saris reasoned that denial was appropriate because the Defendants' counsel conceded that even under Defendants' view of the UCC's impact on these claims, Plaintiffs' claims would survive as to some dollar value, and therefore the Complaint (and by inference the First Amended Complaint which had been filed in response to Defendants' first Motion to Dismiss) stated a claim upon which relief could be granted. <u>Id.</u> Defendants' counsel has confirmed that his reason for filing the motion was to attempt to reduce

the dollar value of the Plaintiffs' claims, which, as explained in Plaintiffs' Opposition to the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, is not a proper use of a Rule 12(b) motion.  See Email dated 11/14/2017 from Attorney Adams to Attorney Landers, attached as Exhibit A.  Since the same arguments were just denied by the Court, there have been no changed circumstances or developments justifying refiling, and since the motion is not brought for a proper Rule 12(b) purpose, there is no legal basis for bringing such motion again now.  Instead, the Motion is being brought for one or more improper purpose(s) prohibited by Fed. R. Civ. P. 11(b), such as to harass or needlessly increase the cost of litigation for individual non-corporate litigants or to cause unnecessary delay.

Case law from this jurisdiction supports imposing sanctions in cases where parties repeatedly bring arguments which had previously been rejected by the Court.  Mariana v. Doctors Associates, Inc., is instructive.  983 F.2d 5, 6 (1st Cir. 1993).  A group of Subway franchisees sued the franchisor and were met with a motion to dismiss based on an arbitration provision in controlling contracts.  Id. at 6.  The plaintiffs filed a "motion in opposition" and lost, and were consigned to arbitration.  Id.  Without filing a motion to reconsider, the plaintiffs then filed a second motion seeking a change of venue and consolidation of arbitration proceedings.  Id.  The second motion "consisted entirely of argumentation from the first motion" except for minor grammatical changes and an appended argument requesting consolidation of arbitration proceedings.  Id.  The First Circuit upheld the District Court's award of sanctions against plaintiffs for failing to reasonably and objectively inquire as to whether the second motion was tenable prior to filing.  Id. at 7.  The First Circuit included as further support for their decision that the District Court had already ruled on the substance of the second motion in the first motion; the second motion consisted of virtually verbatim argumentation from the first motion; and plaintiffs failed to

timely move for reconsideration of the adverse ruling on their earlier motion. Id. at 7-8. This instant case is very similar because here, too, the moving party failed to seek timely reconsideration of its first motion, instead filing a second motion. Another similarity is that both motions, in both cases, feature almost verbatim argument. A further similarity is that in both cases the second motion has the "fig leaf" of an appended argument (consolidation of arbitration in Mariani; lack of trade or commerce under G.L. c. 93A §11 here) which counsel can try to point to as justification for the duplicate filing, but here, like in Mariani, the appended argument should not make an otherwise improper filing proper. This court, like the Mariani court, should impose sanctions. See also Hughes v. McMenamon, 379 F. Supp. 2d 75, 80 (D. Mass. 2005) (sanctions for filing frivolous suit were warranted where, among other reasons, two actions with nearly identical basis to the sanctionable action had been dismissed); Silva v. Witschen, 19 F.3d 725, 730 (1st Cir. 1994) (sanctions are appropriate where counsel had "dual motive" of vindicating clients rights, but also improperly intimidating defendant, because partial proper motive does not exonerate filing for partial improper purpose).

As further grounds for the foregoing, the Plaintiffs refer to and incorporate by reference its Opposition to the Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint, dkt. 18.

WHEREFORE, the Plaintiffs respectfully request that his Honorable Court, pursuant to Fed. R. Civ. P. 11(c), grant this motion and take the following action:

(1) Strike the Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint and the associated memorandum and exhibits;

(2) Award the Plaintiffs their costs and fees incurred in responding to Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint and the associated memorandum and exhibits.

Respectfully submitted,

KURT CHRIST and JOANNE FIOLA

By Their Attorneys,

*/s/ Christopher C. Storm*

Edwin F. Landers, Jr., BBO #559360
elanders@morrisonmahoney.com
Christopher C. Storm, BBO #680782
cstorm@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4967

Dated: November 28, 2017

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I hereby certify that, Edwin F. Landers, Jr. and Christopher C. Storm, counsel for Plaintiffs, conferred with Jeffrey Adams, counsel for Defendants, by e-mail on November 14, 2017, regarding the issue raised in Plaintiffs' Motion For Sanctions.

s/s *Christopher C. Storm*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 28, 2017.

  s/s *Christopher C. Storm*

1239475v.2